86 F.3d 1161
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gloria I. AMADOR-ALVARADO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70001.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 13, 1996.*
Decided May 22, 1996.
 
 1
 Before: T.G. NELSON and TASHIMA, Circuit Judges, and BURNS,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Gloria Amador-Alvarado ("Amador") a native and citizen of Nicaragua, petitions for review of a decision of the Board of Immigration Appeals' ("BIA" or "the Board"), denying her request for asylum (8 U.S.C. § 1158(a)) or withholding of deportation (8 U.S.C. § 1253(h)). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 4
 * Denial of petition for asylum.
 
 
 5
 Insofar as the BIA relied upon the IJ's findings and did not conduct de novo review, we review the IJ's decision. Yepes-Prado v. INS, 10 F.3d 1363, 1366 (9th Cir.1993).
 
 
 6
 Even assuming that Amador's testimony was deemed credible by the IJ, her claims do not establish persecution under the asylum statute. See Saballo-Cortez v. INS, 761 F.2d 1259, 1264 (9th Cir.1984) (denial of "such perquisites as discounts on food and a special work permit" does not establish persecution for purposes of asylum) (citing Raass v. INS, 692 F.2d 596, 596 (9th Cir.1982) for the proposition that asylum relief depends on something more than generalized economic disadvantage); Kazlauskas v. INS, 46 F.3d 902, 906-07 (9th Cir.1995) (harassment did not warrant discretionary grant of asylum).
 
 
 7
 Moreover, Amador did not show any objective basis for her claim that she was singled out for her political beliefs. Amador argues that the harassment she and her family experienced was due not only to her refusal to participate in CDS programs, but also to her former affiliation with the Liberal Party. However, she has offered no evidence in support of this apart from her own conjecture. In the absence of evidence to the contrary, the IJ's finding that the actions of which she complained were solely the result of her refusal to participate in CDS programs, was not an abuse of discretion.
 
 II
 
 8
 Administrative notice of changed conditions.
 
 
 9
 "The BIA, in its discretion, may: (1) warn of its intention to take administrative notice, (2) take administrative notice, and (3) allow rebuttal evidence against the proposition of which notice is taken." Acewicz v. INS, 984 F.2d 1056, 1060 (9th Cir.1993) (citing Castillo-Villagra v. INS, 972 F.2d 1017, 1028 (9th Cir.1992)). While the BIA need not advise petitioners of its intent to take notice of events occurring prior to the deportation hearing, and argued before the IJ, it must "at least warn the asylum applicant before taking notice of significant events that occurred after the deportation hearing." Getachew v. INS, 25 F.3d 841, 845-46 (9th Cir.1994) (holding petitioner was not adequately notified where government changed after deportation hearing and sole "notification" was reference to the change in the INS brief to the BIA).
 
 
 10
 Amador acknowledges that the IJ properly took administrative notice of facts which had occurred prior to the hearing, and that she had "ample opportunity" to present rebuttal evidence concerning the change in government to the BIA. However, she argues that the BIA's observation regarding the longevity of the elected regime presents an inference that Sandinistas are no longer a serious threat, to which she should be permitted to respond.
 
 
 11
 The BIA's observation concerning the passage of time is precisely the sort of " 'legislative, indisputable, and general' " fact regarding which the BIA need not provide an opportunity for rebuttal. Acewicz, 984 F.2d at 1060 (quoting Castillo-Villagra v. INS, 972 F.2d 1017, 1029 (9th Cir.1992)). While Amador has argued, at the hearing, before the BIA, and in her appeal brief, that she still fears the Sandinistas, she has never offered specific objective reasons to substantiate these fears. Generalized evidence of instability does not establish fear of persecution. See, e.g., Mendez-Efrain v. INS, 813 F.2d 279, 282 (9th Cir.1987).
 
 
 12
 We hold that Amador was not denied due process, but given a full opportunity to present her case. We further hold that the BIA did not abuse its discretion in concluding that Amador failed to establish a well-founded fear of persecution should she be returned to Nicaragua.
 
 CONCLUSION
 
 13
 Substantial evidence supports the BIA's conclusion that Amador failed to establish well-founded fear of persecution or sufficient past persecution to merit a grant of asylum on that basis alone. Because the standard for withholding of deportation is higher than the standard for grant of asylum, and because petitioner failed to meet the standard for asylum, the BIA did not abuse its discretion in denying the application for withholding of deportation.
 
 
 14
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable James M. Burns, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3